IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CORRECT CARE, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PATIENTS' CHOICE MEDICAL ) <br> CENTER OF ERIN, TN, LLC dba ) <br> PATIENTS' CHOICE MEDICAL ) <br> CENTER, ) <br> ) <br> Defendant. ) | Case No. 3:12-cv-0131 <br> Judge Brown <br><br> **Jury Demand** |

## MEMORANDUM

Presently pending before the Court is Plaintiff's Motion for Summary Judgment. (Docket Entry 17). Plaintiff has also filed a Memorandum and Statement of Facts with Exhibits. (Docket Entries 18, 19). Defendant has filed a Response. (Docket Entries 24, 25). Plaintiff has filed a Reply. (Docket Entry 26). For the reasons set forth below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

### I. FACTS

Plaintiff filed a Statement of Undisputed Facts, to which Defendant filed a Response. (Docket Entries 19, 25). The undisputed material facts are as follows:

1. Correct Care provided emergency room physician management services to Patients Choice Medical Center of Erin Tennessee ("PCMC") pursuant to a Hospital Emergency Care Agreement ("Agreement").

1

2. Under the Agreement, Correct Care provided physicians to furnish coverage at the emergency room 24 hours per day, 365 days per year.

3. Correct Care provided PCMC with three physicians, Michael Danielson, Mollie Dodson, and Freeland Williams.

4. The agreed-upon rate was $118.00 per hour of physician coverage, and the hourly rate for certain specified holidays was $177.00 per hour.

5. The Agreement was terminated on January 13, 2012.

6. PCMC has admitted that it owes Correct Care for physician staffing services and related finance charges as set out in Plaintiff's invoices 7204, 7246, FCI589, 7260, 7304, FCI606, 7317, FCI617, and FCI627.

7. Invoice 7204 has been partially paid and has a balance of $26,930.50.

8. The total amount PCMC owes Correct Care for invoices 7204, 7246, FCI589, 7260, 7304, FCI606, 7317, FCI617, and FCI627 is therefore $215,906.61, not $234.289.12.

9. Invoice 1659 reflects PCMC owes Correct Care $29,057.40, $11,151.20 of which are finance charges for the $150,000 placement fee, and the remaining $17,906.20 are finance charges for invoices 7204, 7246, 7260, 7304, 7317, and 7357. Defendant disputes that it owes the $150,000 placement fee or any finance charges related to the placement fee but does not dispute that the invoice reflects these charges.

10. Invoice 1690 reflects PCMC owes Correct Care $5,696.98, $2,186.30 of which are finance charges for the $150,000 placement fee, and the remaining $3,510.68 are finance charges for invoices 7204, 7246, 7260, 7304, 7317, and 7357. Defendant disputes that it

owes the $150,000 placement fee or any finance charges related to the placement fee but does not dispute that the invoice reflects these charges.

11. Correct Care furnished physicians for the PCMC emergency room 24 hours per day from December 31, 2011 through January 13, 2012.

12. Under the Agreement, the $177.00 per hour rate applied to New Year's Day, because New Year's Day is defined as a "Holiday" under the Agreement.

13. PCMC has not paid Correct Care for all services provided from December 31, 2011 through January 13, 2012, and the remaining balance for this period is $38,232.

14. The agreement provides for a $50,000 placement fee if PCMC employs a physician introduced to PCMC by Correct Care within 365 days of the termination of the agreement.

15. Michael Danielson, Mollie Dodson, and Freeland Williams have worked as independent contractors for PCMC after January 13, 2012.

16. Dr. Edward Dease told Kent Strum that Ray Oalmann was present during the Friday, January 13, 2012 phone call from Dr. Dease to Kent Strum.

17. On January 13, 2012, Kent Strum was not aware of any physicians that had not been referred to PCMC by Correct Care that were available to work January 14-15, 2012, in the emergency room.

18. Kent Strum told Dr. Dease that it would be difficult for PCMC to staff the emergency room on January 14-15, 2012, on such short notice, or used words of a similar meaning. The parties dispute the terms under which Dr. Dease agreed to waive the placement fee. Plaintiff argues that Dr. Dease offered to waive the placement fee if PCMC made a $30,000

payment by Monday, January 16, 2012, which PCMC did not make. Defendant argues that Dr. Dease waived the placement fee for the entire 365 days following the termination of the Agreement without additional consideration.

## II. LEGAL DISCUSSION

### A. Standard of Review

Summary judgment is appropriate if there is "no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The main inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After sufficient time for discovery and upon motion, Fed. R. Civ. P. 56(c) mandates summary judgment against a party who fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

When deciding a motion for summary judgment, the court must review the evidence and draw all reasonable inferences in favor of the non-moving party. *Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006). In order to survive summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e). Thus, even if the nonmovant produces some evidence, the production will not be sufficient to defeat summary judgment so long as no reasonable jury could reach a finding on that issue in favor of the non-moving party. *Anderson*, 477 U.S. at 248. In other words, the nonmovant must produce supporting factual evidence that is not "so

4

conclusively contradicted by the record that no reasonable jury could believe it." *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment rather, there must be evidence on which the jury could reasonable find for the nonmoving party. *Anderson*, 477 at 252.

### B. Analysis

1. <u>No Genuine Issue of Material Fact Exists Regarding the $215,906.61 in Unpaid Invoices.</u>

Defendant does not oppose Plaintiff's claim for $215,906.61 in unpaid invoices for physician staffing services. As Defendant does not dispute its liability for this amount, Plaintiff is entitled to summary judgment on this point. There is no genuine issue of fact for trial on the unpaid invoices for staffing, and summary judgment is **granted** for this issue.

2. <u>A Genuine Issue of Fact Remains Regarding the Placement Fees</u>

The parties describe different versions of the same telephone call and Plaintiff's offer to waive the $150,000 in placement fees, plus interest. Plaintiff contends the waiver was contingent upon Defendant's payment of $30,000 by January 16, 2012, while Defendant contends the waiver was without condition when the parties' relationship terminated. Plaintiff has filed two affidavits in support of its version of events, and Defendant's responses to interrogatories support its version. (Docket Entries 19-1, 19-2, 19-4).

The Court believes there is a genuine issue of material fact on this issue, as both parties have different accounts of the conversation in question. Both parties have produced sworn statements supporting their version of the telephone conversation. This is the type of question

best resolved by the fact finder after testimony at trial. Therefore, summary judgment on the placement fees is **denied**.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (Docket Entry 17) is **GRANTED in part** and **DENIED in part**. Plaintiff is entitled to summary judgment on the unpaid invoices for physician staffing invoices, valued at $215,906.61. Plaintiff's Motion is denied as to the placement fees and associated interest.

ENTERED this 23rd day of October, 2012.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge